IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS

Nadra O'Keefe, individually and as
Special Administrator to Robert O'Keefe,

Plaintiff,

v.                                           Case No. 06-1308

AGA GAS INC., a corporation;
ALLIED CRANE INC., a corporation;
AMERICAN OPTICAL COMPANY, a corporation;
CROWN, CORK AND SEAL INC., a corporation;
CUTLER-HAMMER INC., a corporation;
FOSECO INC., a corporation;
FOSTER WHEELER CORP., a corporation;
FOSTER WHEELER ENERGY CORP., a corporation;
GARLOCK INC., a corporation;
EN PRO INDUSTRIES INC., as parent corporation to GARLOCK INC.;
GUARD LINE INC., a corporation;
GENERAL ELECTRIC CO., a corporation;
GENERAL REFRACTORIES CO., a corporation;
HALLIBURTON, a corporation;
HOBART BROTHER COMPANY; a corporation;
KOPPERS INDUSTRIAL, a corporation;
MALLINCKRODT GROUP, a corporation;
MILLER ELECTRIC MANUFACTURING COMPANY, a corporation;
OWENS ILLINOIS INC., a corporation;
RAPID AMERICAN, a corporation;
UNION CARBIDE CORPORATION, a corporation;
CBS CORP. as successor VIACOM INC. as successor to WESTINGHOUSE ELECTRIC COMPANY, a corporation;
METROPOLITAN LIFE INSURANCE, a corporation.

Defendants,

## COMPLAINT

Now comes the plaintiff, Nadra O'Keefe, individually and as Special Administrator to Robert O'Keefe, by and through her attorneys, CASCINO VAUGHAN LAW OFFICES, LTD., and complains of defendants, as follows.

## JURISDICTION

1. Decedent, Robert O'Keefe, resides at 903 S 17th St., Pekin, IL 61554, and is a citizen of the state of Illinois. The defendants are all corporations, none of which is incorporated in or has its principal place of business in the State of Illinois, and at all times relevant to the allegations contained herein were engaged in the business of designing, manufacturing and selling asbestos and/or asbestos-containing products and/or asbestos-insulated equipment (hereinafter referred to as "asbestos products") and/or operated facilities where plaintiff became exposed to asbestos. Please refer to the attached Exhibit A for the state of incorporation and principal place of business of each defendant.

2. The "product defendants" are AGA GAS INC., a corporation, ALLIED CRANE INC., a corporation, AMERICAN OPTICAL COMPANY, a corporation, CROWN, CORK AND SEAL INC., a corporation, CUTLER-HAMMER INC., a corporation, FOSECO INC., a corporation, FOSTER WHEELER CORP., a corporation, FOSTER WHEELER ENERGY CORP., a corporation, GARLOCK INC., a corporation, EN PRO INDUSTRIES INC., as parent corporation to GARLOCK INC., GUARD LINE INC., a corporation, GENERAL ELECTRIC CO., a corporation, GENERAL REFRACTORIES CO., a corporation, HALLIBURTON, a corporation, HOBART BROTHER COMPANY; a corporation, KOPPERS INDUSTRIAL, a corporation, MALLINCKRODT GROUP, a corporation, MILLER ELECTRIC MANUFACTURING COMPANY, a corporation, OWENS ILLINOIS INC., a corporation, RAPID AMERICAN. a corporation, UNION CARBIDE CORPORATION, a corporation, CBS CORP. as successor VIACOM INC. as successor to WESTINGHOUSE ELECTRIC COMPANY, a corporation, METROPOLITAN LIFE INSURANCE, a corporation.

3. Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States Code, §1332.

4. The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars, exclusive of interest and costs.

5. Venue is proper pursuant to Title 28, United States Code, §1391.

## GENERAL ALLEGATIONS

6. Decedent during the course of his employment at various job sites was exposed to asbestos dust or fibers emanating from the asbestos products which were either sold, manufactured, distributed, packaged, installed or otherwise placed into commerce by the product defendants or at the premises of the premises defendants.

7. Decedent was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred by workers working with or near said materials.

8. Decedent became aware of his asbestos-related condition, lung cancer, and said condition was caused by defendants' wrongful conduct within the statute of limitations before the filing of this action.

9. As a direct and proximate result of the conduct of defendants, decedent developed and was diagnosed as having lung cancer.

10. Decedent, suffering great pain and physical impairment, is liable for large sums of money for medical and suffered losses to their personal property and possessions.

## COUNT 1 - PRODUCTS LIABILITY - NEGLIGENCE

11. Decedent brings this count for negligence against the product defendants, and incorporates by reference all general allegations.

12. It was reasonably foreseeable by defendants that decedent and other workers would be working with or in the proximity of defendants' asbestos products and that secondary exposures could also occur.

13. Defendants had a duty to exercise reasonable care for the safety of decedent and others who worked with or were allegedly exposed to the defendants' asbestos products.

14. Defendants knew or in the exercise of ordinary or reasonable care ought to have known that exposure to their asbestos products caused disease and/or death and that decedent did not know that asbestos products were dangerous or harmful.

15. Notwithstanding the aforementioned duty, defendants, and each of them, were negligent by one or more of the following acts or omissions:

    a) Failed to adequately warn decedent or others of the health hazards of asbestos;

    b) Failed to warn decedent or others of the danger and harm of the asbestos after the products or equipment were installed at the premises;

    c) Failed to investigate or test for the health effects of asbestos prior to distribution and sale;

    d) Failed to instruct decedent, his employers or others in the use of precautionary measures relating to asbestos-containing products and/or asbestos-insulated equipment; and/or

    e) Manufactured, supplied, or installed unsafe asbestos-containing products or asbestos-insulated equipment.

16. As a direct and proximate result of the acts and omissions of the defendants above, decedent was injured as described above.

## COUNT 2 – LOSS OF CONSORTIUM

17. Nadia O'Keefe brings this claim based upon underlying theories of negligence, as deemed applicable to any of the defendants, and restates and realleges such paragraphs as are stated for all those claims.

18. As a direct and proximate result of the one or more of the aforesaid wrongful acts or omissions of the defendants, Nadia O'Keefe:

    a) Has been deprived of the services, companionship, society and relationship of her husband from the time of his injury.

    b) Has been hindered and prevented from transacting and attending to her usual business and personal affairs.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief as follows:

c) Judgement against defendants, jointly and severally, for compensatory and general damages.

d) Such further legal and equitable relief as the Court orders to do justice in this case; costs and disbursements of this action.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by a jury of 6.

**Dated** this 1st day of December, 2006.

_____
One of the Plaintiff's Attorneys

MICHAEL P. CASCINO
CASCINO VAUGHAN LAW OFFICES, LTD.
220 South Ashland Ave.
Chicago, IL 60607
312-944-0600
312-944-1870 fax

# Exhibit A
## Defendants' Incorporation States and Principal States of Business

| DEFENDANT | STATE OF INCORPORATION | PRIMARY STATE OF BUSINESS |
|---|---|---|
| AGA Gas Inc. | Ohio | Ohio |
| General Electric Company | New York | Connecticut |
| Allied Crane Inc. | California | California |
| American Optical Company | Delaware | Massachusetts |
| Crown, Cork and Seal | New York | New York |
| Cutler-Hammer | Delaware | Ohio |
| Haliburton Company | Delaware | Texas |
| En Pro Industries Inc. | North Carolina | North Carolina |
| Foseco | Delaware | Ohio |
| Foster Wheeler Energy Corp. | Delaware | New Jersey |
| Foster Wheeler Corporation | New York | New Jersey |
| Garlock, Inc. | Ohio | Ohio |
| General Refractories Company | Pennsylvania | Pennsylvania |
| Guard Line Inc | Texas | Texas |
| Hobart Brother Company | Ohio | Ohio |
| Koppers Industrial | Pennsylvania | Pennsylvania |
| Metropolitan Life Insurance | New York | New York |
| Mallinckrodt Group Incorporated | Delaware | Missouri |
| Miller Electric Manufacturing Company | Wisconsin | Wisconsin |
| Owens-Illinois Inc | Delaware | Ohio |
| Rapid American Corp. | Delaware | Pennsylvania |
| Union Carbide Corporation | New York | Louisiana |
| CBS as successor of Viacom Inc as successor of Westinghouse Electric Company | Delaware | Pennsylvania |