# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | |
| This Document Relates To: | CIVIL ACTION NO. MDL 875 |
| NADRA O'KEEFE, Individually and as Special Administrator to ROBERT O'KEEFE, | Judge Joe Billy McDade |
| Plaintiff, | |
| v. | |
| A.G.A. GAS INC., et al., | |
| Defendants. | |
| UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF ILLINOIS | |
| CIVIL ACTION NO. 06-CV-01308 | |

## NOTICE OF FILING

PLEASE TAKE NOTICE that on October 3, 2007, we caused to be filed electronically with the Clerk for the United States District Court for the Central District of Illinois, Owens-Illinois, Inc.'s Entry of Appearance, Short Form Answer, Affirmative and Other Defenses to Plaintiff's Complaint.

                                                    **/s/ Matthew J. Fischer**
                                                    Matthew J. Fischer
                                                    Attorney for Defendant
                                                    OWENS-ILLINOIS, INC.

Schiff Hardin LLP
6600 Sears Tower
Chicago, Illinois  60606
(312) 258-5500
(312) 258-5600 (*facsimile*)

-2-

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | |
| This Document Relates To: | CIVIL ACTION NO. MDL 875 |
| NADRA O'KEEFE, Individually and as Special Administrator to ROBERT O'KEEFE, | Judge Joe Billy McDade |
| Plaintiff, | |
| v. | |
| A.G.A. GAS INC., et al., | |
| Defendants. | |
| UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF ILLINOIS | |
| CIVIL ACTION NO. 06-CV-01308 | |

**OWENS-ILLINOIS, INC.'S ENTRY OF APPEARANCE, SHORT FORM ANSWER, AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT**

In accordance with the order, as amended, entered by the Honorable Charles R. Weiner on August 20, 1986, <u>In Re: Asbestos Litigation</u>, Misc. Docket No. 86-0457 (E.D. Pa.), this document serves as both an Entry of Appearance and Answer to Plaintiff's Complaint, and all allegations contained in or incorporated in Plaintiff's Complaint are deemed denied. This also serves to incorporate by reference the Asbestos Defendants' Master Affirmative Defenses including any amendments and supplements thereto.

Additionally, the following Affirmative and Other Defenses are asserted on behalf of Owens-Illinois, Inc.:

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's Complaint is barred by the applicable statute of repose or statute of limitations.

3. The injuries allegedly sustained by Plaintiff, if any, were proximately caused by his free and voluntary acts of knowingly and voluntarily placing himself in a position of danger and thus assuming the risks ordinarily incident to such acts.

4. The negligent acts or omissions of Plaintiff were the sole proximate cause or a proximate contributing cause of the injuries and damages of which Plaintiff complains.

5. Plaintiff's own negligent conduct was more than 50 percent responsible for his alleged injuries, and therefore Plaintiff is not entitled to recovery against this Defendant.

6. Plaintiff's alleged damages were negligently caused in whole or in part by persons, firms, corporations, or entities other than those parties before this Court, and such negligence either bars or comparatively reduces any possible recovery by Plaintiff.

7. The sole proximate cause of Plaintiff's alleged injuries was the acts or omissions of persons, corporations or entities other than this Defendant.

8. If Plaintiff suffered damages as a result of the allegations set forth in the Complaint, then those damages were the result of intervening or superseding acts or omissions of persons other than Defendant.

9. If any of Plaintiff's allegations with respect to the defective condition of asbestos or asbestos products are proven, then Plaintiff is barred from any recovery due to the fact that at all relevant times there was no known substitute for asbestos or asbestos products.

10. The state of the medical and scientific knowledge at all relevant times was such that Defendant neither knew nor could have known that its asbestos-containing insulation products presented a foreseeable risk of harm to any person in the normal and expected use of those products.

11. If Plaintiff sustained injuries as a result of exposure to any product manufactured by Defendant, the degree of such damage attributable to Defendant's products is negligible and hence, de minimis.

12. Defendant is not liable for any damages alleged to have resulted from exposure to any of its products which were manufactured pursuant to government specifications.

13. If Plaintiff suffered injuries as a proximate result of a condition of Defendant's products, any of Defendant's products would have been supplied to an employer of Plaintiff. Such employer was a knowledgeable and sophisticated user of said products, and thus Defendant had no further legal duty to warn or instruct Plaintiff.

14. If Plaintiff smoked tobacco products, then any damages awarded should be reduced in whole or in part by the amount of damages caused by smoking.

15. Punitive damages are not recoverable against Defendant in that punitive damages can be recovered only once against Defendant for the same conduct and thereafter all other claims or attempts at recovery of punitive damages are unconstitutional.

16. Plaintiff's claims are barred under the Illinois Worker's Compensation Act, the Illinois Worker's Occupational Disease Act and/or similar provisions.

17. Plaintiff fails to state a claim against Owens-Illinois. Plaintiff does not allege a relationship with Owens-Illinois nor any other facts supporting the imposition of an independent duty to warn on Owens-Illinois. Accordingly, Owens-Illinois cannot be liable for a conspiracy to

suppress or a conspiracy not to warn. Moreover, Plaintiff has not alleged that he ever received or reviewed or relied on any false statement, so there can be no liability for a conspiracy to misrepresent. Further, Plaintiff has not alleged that Owens-Illinois agreed with another to perform unlawful acts. Rather, Plaintiff's Complaint contain nothing more than mere allegations of "parallel conduct." As held by the Illinois Supreme Court in <u>McClure v. Owens-Illinois, Inc.</u>, 188 Ill.2d 102, 720 N.E.2d 242 (1999), allegations must raise more than mere "parallel conduct" as the basis of a civil conspiracy action.

    18. In the event that there has been a prior release executed by Plaintiff in favor of Owens-Illinois as part of a settlement of a prior action brought by Plaintiff against Owens-Illinois, said release bars Plaintiff's claims against this Defendant.

    19. In the event that Plaintiff has previously accepted valuable consideration from Owens-Illinois because of current or prior claims against Owens-Illinois, Plaintiff's claims against Owens-Illinois are barred by the doctrine of Accord and Satisfaction.

    20. Plaintiff has failed to identify any product connected to this Defendant which allegedly resulted in the damages to the Plaintiff.

    21. Venue is improper in this Court and this action should be dismissed based on <u>forum non conveniens</u>.

    22. Defendant adopts and asserts any defenses raised or asserted by other defendants to this action.

    23. Defendant reserves the right to assert any additional defenses which it may learn through discovery.

-6-

DATED: October 3, 2007

                                      **/s/ Matthew J. Fischer**
                                      Matthew J. Fischer
                                      Attorney for Defendant
                                      OWENS-ILLINOIS, INC.

Schiff Hardin LLP
6600 Sears Tower
Chicago, Illinois  60606
(312) 258-5500
(312) 258-5600 (*facsimile*)

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on October 3, 2007, he electronically filed the foregoing Entry of Appearance, Short Form Answer, Affirmative and Other Defenses to Plaintiff's Complaint to with the Clerk of the Court by using the CM/ECF system which will send notification of such filing to the following:

> Michael P. Cascino
> Cascino Vaughan Law Offices, Ltd.
> 220 South Ashland Avenue
> Chicago, IL 60607

> **/s/ Matthew J. Fischer**
> Matthew J. Fischer
> Attorney for Defendant
> OWENS-ILLINOIS, INC.

Schiff Hardin LLP
6600 Sears Tower
Chicago, Illinois  60606
(312) 258-5500
(312) 258-5600 (*facsimile*)